Cleveland v. Essex Public Road Board.

---

## WILLIAM CLEVELAND

*v.*

## THE ESSEX PUBLIC ROAD BOARD.

Where a complainant has, by laches, lost his remedy at law against an assessment illegal but not void, this court will not interfere on the ground that the defendants threaten and intend to sell his property under it.

Bill to quiet title. On final hearing on pleadings and proofs.

*Mr. J. L. Blake,* for complainant.

*Mr. J. W. Taylor,* for defendants.

THE CHANCELLOR.

The bill is filed under the act of 1870 (*Rev. p. 1189*) to quiet title, and relief is sought against certain assessments made by the defendants upon the complainant for benefits to his land in respect to an improvement known as Park avenue, in Essex county. These assessments were made, as is claimed, under the provisions of special statutory authority. The complainant objects to them as illegal. He does not impugn the authority as being in contravention of his constitutional rights. He had a remedy by *certiorari* against any illegality in the proceedings, but appears to have lost it by laches. He alleges that it was by mistake. But the fact that he lost his opportunity to obtain a review by *certiorari* of the proceedings complained of through mistake, will not, of itself, avail to induce this court to examine into the legality of the proceedings. *Lewis* v. *City of Elizabeth, 10 C. E. Gr. 298; Dusenberry* v. *Newark, Id. 295.* Nor will the fact that the defendants threaten and intend to sell his property for non-payment of the assessment. Though the proceedings on which the declaration of sale will be founded cannot be impeached collaterally, they may be reviewed at any time on *certiorari* or other proper proceedings in the supreme or circuit court (*Rev. p. 1045 § 15*). The complainant must, therefore, be left to his legal remedy. *Jersey City* v. *Lembeck, 4 Stew. 255, 270.*

The bill will be dismissed, with costs.